# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDDIE HICKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3823** |
| **MARLIN GUSMAN** | **SECTION "A"(3)** |

## ORDER AND REASONS

Plaintiff, Freddie Hicks, a state prisoner, filed this complaint against Orleans Parish Criminal Sheriff Marlin Gusman. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

In the original complaint, plaintiff stated his claim as follows:

> I'm a Muslim asking for relief from stress and anxiety from not being able to attend Jum'ah, not being able to perform duties with an Imam, being denied rugs, kufis, Qur'ans and other Islamic material, not being able to congregate with othe[r] Muslims for Salat and Taleen (study group) and Imam.[2]

As relief, he sought injunctive relief and $150,000 for "mental anguish and stress."[3]

Plaintiff also subsequently amended his complaint in various respects. First, he clarified the nature of his claim against Sheriff Gusman, stating: "Being that Mr. Gusman is head of the

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 1, p. 3.

[3] Rec. Doc. 1, p. 4.

Administration at Orleans Parish Prison, he is responsible for the procedures and actions of his administration."[4] Second, plaintiff claimed that (1) he was not able to practice his religion due to the overcrowded conditions in his cell; (2) he was denied an application to change his name; and (3) his "chaplain forms," grievances, and requests for a transfer went unanswered.[5] Third, he amended his prayer for relief to include a request that he be transferred to a facility operated by the Louisiana Department of Public Safety and Corrections.[6]

I. Motion for Summary Judgment

Sheriff Gusman has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[7] Plaintiff has opposed that motion.[8]

The Court may grant summary judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it

---

[4] Rec. Doc. 16, p. 1.

[5] Rec. Doc. 16, p. 1-2.

[6] Rec. Doc. 16, p. 2.

[7] Rec. Doc. 13.

[8] Rec. Doc. 15.

believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).

In his motion for summary judgment, Sheriff Gusman argues that he is not a proper defendant with respect to plaintiff's claims. For the following reasons, this Court agrees.

Plaintiff appears to be suing Sheriff Gusman in his individual-capacity; however, it is clear that no proper individual-capacity claim has been stated. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff makes no allegations whatsoever against Sheriff Gusman or of any personal involvement by him in the purported violations. Further, plaintiff admitted in a deposition that Sheriff Gusman had no such personal involvement and was being sued based solely on his supervisory position.[9] Moreover, as noted, the amendment to plaintiff's complaint likewise made clear that Sheriff Gusman was named

---

[9] Rec. Doc. 13, Exhibit C, Deposition of Freddie Hicks dated December 29, 2009, p. 8.

as defendant based on his supervisory role at the prison. However, as Sheriff Gusman notes in his motion, he cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of strict liability[10] or vicarious liability[11] for federal civil rights violations allegedly committed by his subordinates.[12]

Out of an abundance of caution, the Court further notes that many of plaintiff's requests and claims also fail for the additional reasons noted below.[13]

## II. Compensatory Damages

As noted, one form of relief plaintiff seeks is $150,000 in compensatory damages for "mental anguish and stress." However, federal law provides: "No Federal civil action may be brought by

---

[10] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[11] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

[12] Plaintiff does not indicate that he is asserting an official-capacity claim against Sheriff Gusman. However, even if plaintiff intended to assert such a claim, the Court notes that no proper official-capacity claim has been stated. "In a suit brought against a municipal official in his official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury." Parm v. Shumate, 513 F.3d 135, 142 (5th Cir. 2007), cert. denied, 129 S.Ct. 42 (2008). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003). In the instant case, plaintiff does not allege that the purported violations resulted from such a policy or custom, much less identify a policy or custom.

[13] Although these alternative grounds are not argued in defendant's motion, the Court has the authority to act *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

4

a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see also Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001). Because plaintiff did not suffer a physical injury in this case, he would be barred from recovering compensatory damages even if his claims were otherwise actionable. See, e.g., Mayfield v. Texas Department of Criminal Justice, 529 F.3d 599, 605-06 (5th Cir. 2008); Massingill v. Livingston, 277 Fed. App'x 491, 493 (5th Cir. 2008); Allen v. Stalder, 201 Fed. App'x 276 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005).

### III. Request a for Transfer to a State Facility

Plaintiff also requests that the Court order that he be transferred to another facility. This Court has no authority to issue such an order. Placement of state prisoners is a matter left to the discretion of state officials. A prisoner has no constitutional right springing from the Constitution itself or from any protected liberty or property interest arising from state law to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982); Oatis v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-6266, 2009

5

WL 3566120, at *3 (E.D. La. Oct. 29, 2009); Jones v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *8 n.12 (E.D. La. May 10, 2007).[14]

IV.  Access-to-Courts Claim

As noted, plaintiff alleges that prison officials failed to assist him in changing his name. Liberally construed, that allegation would present an access-to-courts claim. It is clear that prisoners have a constitutional right of meaningful access to the courts, including access to adequate law libraries or assistance from legally trained personnel needed to file nonfrivolous legal claims challenging either (1) their convictions or (2) the conditions of their confinement. Bounds v. Smith, 430 U.S. 817, 828 (1977); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). However, the Constitution does not require that prisons provide legal assistance with general civil matters such as name changes. See, e.g., Carper v. DeLand, 54 F.3d 613 (10th Cir. 1995).

V.  Unresponsive Grievance Procedure

Plaintiff also complains that his grievances go unanswered. Even if that is true, plaintiff's claim is not actionable. An inmate does not have a constitutional right to an adequate and effective grievance procedure or to have his complaints investigated and resolved to his satisfaction. See Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); Tyson v. Tanner, Civ. Action No. 08-4599, 2009 WL 2883056, at *5 (E.D. La. Aug. 25,

---

[14]  Moreover, the Court notes that Louisiana law expressly provides: "[A]ny individual subject to confinement in a state adult penal or correctional institutional shall be committed to the Louisiana Department of Corrections and not to any particular institution within the jurisdiction of the department." La.Rev.Stat.Ann. § 15:824(A). State law further expressly provides that, when necessary, state prisoners may be confined in parish jails. La.Rev.Stat.Ann. § 15:824(B)(1)(a).

2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *7 (E.D. La. May 10, 2007); Mahogany v. Miller, Civ. Action No. 06-1870, 2006 WL 4041973, at *1 (E.D. La. Aug. 3, 2006), appeal dismissed, 252 Fed. App'x 593 (5th Cir. 2007).

Accordingly, for all of the foregoing reasons,

**IT IS ORDERED** that the motion for summary judgment, Rec. Doc. 13, is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this eleventh day of February, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**